UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALEXANDER GONZALAS, | ) | |
| | ) | Case No. 2:16-cv-02273-JAD-NJK |
| Plaintiff(s), | ) | |
| | ) | ORDER |
| | ) | |
| GEORDAN LOGAN, et al., | ) | (Docket No. 3) |
| | ) | |
| Defendant(s). | ) | |

      This matter is before the Court on Plaintiff Alexander Gonzalas' renewed Application to Proceed *In Forma Pauperis*. Docket No. 3. Plaintiff is a prisoner proceeding in this action *pro se*. Plaintiff has submitted the financial affidavit and inmate trust account statement required by 28 U.S.C. § 1915(a)(2). Plaintiff's application is incomplete, as Plaintiff states that he was last employed on December 1, 2014, but does not state the amount of salary or wages per month he received. Docket No. 3 at 1. Additionally, Plaintiff's financial certificate once again contains incorrect numbers, as compared to his inmate trust account statement. Docket No. 3 at 4-5. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **DENIED**. The Court will give Plaintiff 30 days to file a renewed application.

      Additionally, as the Court previously noted, though the Court has yet to screen Plaintiff's complaint, Plaintiff attempts to state claims under 42 U.S.C. § 1983, challenging whether he received effective assistance of counsel from two attorneys in state court. *See, e.g.*, Docket No. 1-1 at 3, 5 ("Since Lawyer . . . has been appointed, he's continuously misled me . . ." and "My lawyer continuously mis-lead's [sic] me - and tell's [sic] me un-truth's [sic], he lies to me and does not defend me - let alone properly represent me."). It is well settled that court-appointed defense

counsel are not acting under color of law for § 1983 purposes. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 318 n.7 (1981) (noting that a private attorney, even one appointed by the court, does not act under the color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional role of an attorney). Therefore, because Plaintiff's attorneys were not acting under color of state law, Plaintiff cannot state claims against them under 42 U.S.C. § 1983.

If Plaintiff files a renewed Application to Proceed *In Forma Pauperis* and the Court grants it, Plaintiff will be required, under 28 U.S.C. §§ 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995, to pay the full $350 filing fee, even if his complaint is dismissed. As set forth above, the Court believes Plaintiff's claims will not survive the pleading stage. The Court will allow Plaintiff thirty days to file an amended Application to Proceed *In Forma Pauperis*. If Plaintiff does not file an amended application, the Court will recommend dismissal of the instant case.

Based upon the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's renewed Application to Proceed *In Forma Pauperis* (Docket No. 3) is **DENIED** without prejudice.
2. Plaintiff shall file a complete renewed Application to Proceed *In Forma Pauperis*, accompanied by a signed, completed financial certificate and a certified statement from his inmate trust account for the past six months.
3. The Clerk of Court shall send Plaintiff a blank application form for *pro se* litigants who are incarcerated.
4. Plaintiff shall have until **November 30, 2016** to file a renewed Application to Proceed *In Forma Pauperis*. If Plaintiff does not file an amended application by November 30, 2016, the Court will recommend dismissal of the instant case.

Dated: October 31, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge